UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL D. SMITH,

    Plaintiff,

v.                                  CASE NO. 3:13-cv-1194-J-32JBT

DAVISON DESIGN & DEVELOPMENT,
INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss and Compel Arbitration or, in the Alternative, to Transfer Venue ("Motion") (Doc. 11), Plaintiff's Response thereto (Doc. 17), and Defendant's Reply (Doc. 23). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution on January 13, 2014. (Doc. 27.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED** to the extent that Plaintiff be compelled to submit all of his claims to arbitration, **DENIED** with respect to Defendant's request for dismissal or transfer of venue, and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

that the case be **STAYED** pending arbitration.[2]

## I. Introduction

On June 20, 2011, Plaintiff entered into three related contracts (Doc. 1 at 16; Doc. 11-1; Doc. 11-2) with Defendant for invention promotion services. (Doc. 1 at 3–4.)[3] In accordance with the contracts, Plaintiff submitted four payments to Defendant totaling $10,920. (*Id.* at 6.) Plaintiff now brings the instant suit alleging four causes of action: 1) Violations of 35 U.S.C. § 297; 2) Fraudulent Inducement; 3) Common Law Fraud; and 4) Breach of Fiduciary Obligations. (*Id.* at 3–10.) Defendant moves to dismiss the case with prejudice and compel arbitration of all claims under the Federal Arbitration Act ("FAA"). (Doc. 11 at 1–3.)[4] In support of its position, Defendant cites two arbitration provisions in the contracts signed by Plaintiff. (*Id.* at 2–3; Doc. 11-1 at 4; Doc. 11-2 at 10.) Both provisions provide, in

---

[2] Plaintiff requests oral argument on the Motion and Defendant opposes this request. (*See* Docs. 18, 28, 29.) The undersigned recommends that oral argument is not necessary because the issue presented is a legal one that has been fully briefed. Moreover, as reflected in this Report and Recommendation, the undersigned finds Plaintiff's position to be without significant legal support.

[3] Because the Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), the Court may consider factual matters outside the pleadings, including the contracts containing the arbitration provisions attached to the Motion. *See Perera v. H & R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012). The parties agree, however, that no additional discovery is needed to resolve the Motion. (*See* Doc. 26.)

[4] Alternatively, Defendant asks that the Court transfer venue if it does not compel arbitration. Because Defendant argues only that venue would be inconvenient if arbitration is not compelled, rather than arguing that venue is improper, the undersigned agrees with Defendant that it is unnecessary to address venue prior to addressing the arbitration issue.

2

relevant part, "[f]or any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration." (Doc. 11-1 at 4; Doc. 11-2 at 10.) Plaintiff does not challenge the existence of the contracts or the application of the FAA. (*See* Doc. 17.) Instead, he argues that the arbitration provisions are "invalid or inapplicable to [his] claims." (*Id.* at 1.)

## II.   Standard

"[I]n enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993) (internal quotations omitted). "The FAA makes valid any written agreement to arbitrate a dispute arising out of a transaction involving interstate commerce, 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Bess v. Check Express*, 294 F.3d 1298,1304 (11th Cir. 2002). "Before a court may require parties to arbitrate, the movant must establish that there is a valid arbitration agreement and that the disputed claims are subject to arbitration." *Perera*, 914 F. Supp. 2d at 1287.

## III.   Analysis

### 1.   Validity of Arbitration Agreement

Under the FAA, only challenges specifically to the validity of an arbitration clause itself, and not to the entire contract containing the clause, may be decided by a court rather than an arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) ("[A] challenge to the validity of the contract as a whole,

and not specifically to the arbitration clause, must go to the arbitrator."); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) ("[I]f the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.").

The Eleventh Circuit has explained:

> Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract *in general*. Because the making of the arbitration agreement *itself* is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests.

*Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992) (citations omitted).

All four of Plaintiff's claims are based on his allegations that Defendant failed to make required pre-contract disclosures, and otherwise misrepresented facts to Plaintiff prior to execution of the contracts.[5]  (Doc. 1 at 3–10.)  Plaintiff alleges that,

---

[5] Plaintiff cites 35 U.S.C. § 297 and a "Consent Order for Permanent Injunction" ("FTC Order") (Doc. 10 at 4–30) entered in a prior action against Defendant in support of this position.  (Doc. 1 at 3–10.)

but for Defendant's omissions and misrepresentations, he would not have entered into the contracts and would not have paid Defendant any money.  (*Id.* at 5, 7.) Notably, the Complaint is silent regarding the arbitration provisions or any challenge thereto.

Plaintiff argues in his Response that "the arbitration provision is void *ab initio* because Defendant failed to meet the conditions precedent requiring compliance with the disclosure requirements of 35 U.S.C. §297 and the FTC Order," and that such disclosures "are required before Defendant could enter into a valid arbitration agreement with Plaintiff." (Doc. 17 at 6.)  Plaintiff relies primarily on two cases for this proposition: *Gotschall v. Davison Design & Dev., Inc.*, Case No. 8:03-cv-2088-T-17MSS (M.D. Fla. Feb. 17, 2004) (unpublished slip opinion) and *Wynn v. Davison Design & Dev., Inc.*, Case No. 3:09-cv-446-MCR-MD, 2009 WL 4610924 (N.D. Fla. Dec. 1, 2009).  However, neither case addresses the issue of arbitration.  Therefore, these cases are inapposite.[6]

Moreover, it makes no difference that Plaintiff challenges conduct that allegedly occurred before the contracts were signed.  The Eleventh Circuit has expressly rejected Plaintiff's argument that, because the contracts are allegedly void *ab initio*, his claims are not arbitrable.  See *Bess,* 294 F.3d at 1305–06 ("[Plaintiff's] void *ab initio* argument is an issue for the arbitrator."); *Jenkins v. First Am. Cash*

---

[6] In both cases, this same Defendant's motions to dismiss for lack of personal jurisdiction were denied.  Contrary to Plaintiff's argument, these two cases are anything but "essentially on point."  (Doc. 17 at 4.)

*Advance of Ga., LLC*, 400 F.3d 868, 882 (11th Cir. 2005) ("[Plaintiff's] void *ab initio* argument, which challenges the legality of the [underlying] transactions, is an issue for the arbitrator, not the court, to decide."). *See also Cardegna*, 546 U.S. at 448 ("[A] court [may] enforce an arbitration agreement in a contract that the arbitrator later finds to be void.").[7]

Similarly, Plaintiff's argument that the arbitration clauses are invalid because Defendant's lack of certain pre-contract disclosures amounts to a failure of a condition precedent is also without merit. The contracts make no mention of the required disclosures or any conditions precedent. (*See* Doc. 1 at 16; Doc. 11-1; Doc. 11-2.) In this context, courts should not address challenges based on "a condition precedent about which a signed agreement is silent . . . . [because] such an inquiry would require a district court to invade the province of the arbitrator." *See Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 998 (11th Cir. 2012).

Plaintiff's argument that the contracts were fraudulently induced by Defendant's conduct prior to their signing does not change this analysis. *See Prima Paint Corp.*, 388 U.S. at 404 ("[T]he [FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally."). The United

---

[7] Moreover, 35 U.S.C. § 297 does not appear to render contracts entered into after an invention promoter has failed to make the required disclosures "void *ab initio*." *See* 35 U.S.C. § 297. In fact, the existence of a contract appears necessary to Plaintiff's statutory claim. *See Burgess v. Wantz*, Case No. 3:12-cv-3049, 2013 WL 3245334, at *4 (N.D. Ohio June 26, 2013) ("Without a contract, Plaintiff cannot bring a civil action under Section 297 for alleged injury due to failure to disclose information.").

States Supreme Court has explained that, as in this case, "where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 130 S. Ct. 2772, 2778 (2010). Because the validity of the contracts as a whole, and not specifically the arbitration clauses themselves, is at issue here, "this case falls within the 'normal circumstances' as explained in *Prima Paint*, *Chastain*, and *Bess*, in which the parties signed a presumptively valid agreement to arbitrate any dispute, including those relating to the validity or enforceability of the underlying contract." *See John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094,1096 (11th Cir. 2003).

The Complaint is devoid of any allegations challenging the arbitration provisions specifically. Nevertheless, after being directed to *Prima Paint* in Defendant's Motion, Plaintiff in his Response characterizes his arguments as specifically challenging the "arbitration provision" and the "arbitration agreement." (Doc. 17 at 6.) However, Plaintiff "fail[s] to specifically allege any misrepresentation that allegedly induced [him] to agree to the Arbitration Clause[s], other than those that relate generally to the [contracts] as a whole*." See Solymar Invs., Ltd.*, 672 F.3d at 998. As such, it is clear that the substance of his challenges actually go to the validity of the contracts generally, and not specifically to the arbitration provisions therein. *See id.* ("[T]he Amended Complaint alleges no facts regarding the

arbitration clause specifically . . . . [and] it is silent regarding any distinction between the alleged inducements to enter the [contract] vis-à-vis the arbitration clause therein. There can thus be no doubt that the . . . challenges are not specific to the arbitration clause . . . .").

Even if Plaintiff's bare assertion that the arbitration clauses, rather than the entire contracts, are invalid could be construed as a challenge to the arbitration agreements themselves, this assertion is still insufficient to place the agreements to arbitrate at issue. *See Chastain*, 957 F.2d at 855 ("[A] party must substantiate the denial of the contract with enough evidence to make the denial colorable."); *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 514 n.7 (11th Cir. 2009) (explaining that even an argument that specifically places an arbitration agreement at issue must be supported by evidence). Plaintiff has offered no evidence that the arbitration provisions themselves are invalid for any reason other than that the contracts containing them are allegedly void. Without more, this issue must be addressed by an arbitrator. *See Solymar Invs., Ltd.*, 672 F.3d at 998; *Cardegna*, 546 U.S. at 449.

### 2. Claims Subject to Arbitration

Arbitration clauses create "a presumption of arbitrability," and arbitration should be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650

(1986).  The Eleventh Circuit has explained:

> We have previously focused on foreseeability as proper standard for resolving the scope of an arbitration clause that covers disputes arising out of or pursuant to the contract between the parties. . . . [I]f the defendant could have been engaged in the allegedly tortious actions even if it had no contractual relationship with the plaintiff, then the dispute is not an immediate, foreseeable result of the performance of the contractual duties and thus not within the scope of an arbitration clause within that contract. . . . [D]isputes that are not related—with at least some directness—to performance of duties specified by the contract do not count as disputes arising out of the contract.

*Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1367 (11th Cir. 2008) (internal quotations and citations omitted).  However, the Eleventh Circuit has recognized that this standard may not apply to broader arbitration provisions lacking limiting language such as "arising out of" or "pursuant to" the contract.  *See id.* at 1366 n.16*; Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001) (citing *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000)).

In *Brown*, the court held that an agreement providing that "any dispute between [the parties] or claim by either against the other" be arbitrated requires the parties "to arbitrate any and all claims against each other, with no exceptions." *See Brown*, 211 F.3d at 1221.  The court noted that such "brief, unequivocal and all-encompassing" language was not invalid "solely because it includes the universe of the parties' potential claims against each other." *See id.*

In his Response, Plaintiff argues that none of his claims are arbitrable because none relate to or arise under the contracts. (Doc. 17 at 4.) The relevant portion of both arbitration provisions states, "[f]or any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration . . . ." (Doc. 11-1 at 4 & Doc. 11-2 at 10.) Thus, the provisions are all-encompassing like those in *Brown*, and require arbitration of "any and all claims . . . with no exceptions." *See Brown*, 211 F.3d at 1221.

However, even assuming that Plaintiff's claims must arise out of or relate to the contracts, all four claims meet this standard. First, Plaintiff's statutory claim requires a contractual relationship between the parties. *See* 35 U.S.C. § 297; *Burgess*, 2013 WL 3245334, at *4. Next, Plaintiff's fraud in the inducement claim alleges that Plaintiff was induced to "enter into contractual and fiduciary relationships with Defendant," clearly placing the contractual relationship at issue. (Doc. 1 at 6.) Plaintiff's common law fraud claim is premised on Defendants conduct "in the course of soliciting payments by Plaintiff for Defendant's brokerage services." (*Id.* at 8.) Such payments and services were due under the contracts. (*Id.* at 4, 6.) Lastly, Plaintiff's claim for breach of fiduciary duty alleges that the fiduciary obligations arose "[i]n the course of [Defendant's] representation of Plaintiff." (*Id.* at 10.) This representation arose by way of the parties' contractual relationship. (*Id.* at 4.) As such, all four of Plaintiff's claims are an "immediate, foreseeable result of the performance of the contractual duties" because "the defendant could [not] have been

10

engaged in the allegedly tortious actions . . . if it had no contractual relationship with the plaintiff." *See Hemispherx Biopharma, Inc.*, 553 F.3d at 1367. Moreover, Plaintiff's alleged compensatory damages stem from his payments made as an obligation under the contract. (Doc. 1 at 6.) Thus, all of Plaintiff's claims are "related—with at least some directness—to performance of duties specified by the contract," and are thus arbitrable. *See Hemispherx Biopharma, Inc.*, 553 F.3d at 1367.

Plaintiff's additional argument that the arbitration provisions do not apply to his claims because the claims are based on conduct that occurred before the contracts were signed is without merit. The fact that Plaintiff's claims, including his claims for fraud, are based on alleged pre-contract conduct does not place them outside the reach of the arbitration agreements. *See Spurlock v. Life Ins. Co. of Va.*, Case No. CIV.A.98-D-222-N, 2000 WL 1785300, at *8 (M.D. Ala. Oct. 31, 2000) ("An agreement to arbitrate a dispute is not rendered inapplicable merely because the events giving rise to the cause of action pre-date the signing of the arbitration agreement."); *Perera*, 914 F. Supp. 2d at 1288–89 ("[T]he [arbitration] clause's language is exceptionally broad and unmistakably covers claims or disputes that accrued before Plaintiff signed the Agreement.").

Finally, to the extent Plaintiff argues that compelling arbitration of his statutory claim would frustrate the purpose of 35 U.S.C. § 297, Plaintiff has failed to meet his "daunting" burden "of showing that Congress intended to preclude arbitration of the

11

statutory claim." *See In re Wiand*, Case No. 8:10-cv-71-T-17MAP, 2011 WL 4532070, at *10 (M.D. Fla. June 8, 2011). The statutory claim is thus arbitrable. *See Brown*, 211 F.3d at 1221 ("[S]tatutory claims . . . can be subject to mandatory arbitration."). Therefore, Plaintiff must submit all of his claims to arbitration.

### 3. Stay Pending Arbitration

"[T]he Eleventh Circuit has expressed a preference that district courts stay arbitrable claims rather than dismiss them," and "the vast majority of district courts in the Eleventh Circuit stay arbitrable claims pending arbitration." *Pilitz v. Bluegreen Corp.*, Case No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *7 (M.D. Fla. Aug. 4, 2011). Therefore, the undersigned recommends that a stay of the instant proceedings is more appropriate than dismissal of the case.[8]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 11**) be **GRANTED** to the extent that Plaintiff be compelled to submit all of his claims to arbitration.

2. The Motion (**Doc. 11**) be **DENIED** with respect to Defendant's requests that Plaintiff's claims be dismissed or, alternatively, that venue be transferred.

3. The case be **STAYED** pending notification by the parties that they have

---

[8] Although neither Plaintiff nor Defendant has requested a stay in the alternative of dismissal, "[a] court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rambaran v. Park Square Enters., Inc.*, Case No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at *2 (M.D. Fla. Sept. 22, 2008) (internal quotations omitted).

completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.

    4.    The parties be **ORDERED** to file a joint status report with this Court every one hundred and twenty (120) days until this matter is resolved.

    5.    The Clerk be **DIRECTED** to terminate all deadlines and motions, and administratively close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on February 28, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record